UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA GASSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | |
| ALEJANDRO CHAVARRIA, | ) | No. 06 C 6286 |
| Chicago Police Officer, | ) | |
| Star Number 7179, | ) | Hon. Judge Amy St. Eve |
| PETER STANTON, | ) | Hon. Mag. Judge Cole |
| Chicago Police Officer, | ) | |
| Star Number 9412, | ) | |
| SGT. MARK GOLOSINSKI, | ) | |
| Chicago Police Officer, | ) | |
| Star Number 1611 | ) | |
| ARMANDO PEREZ, | ) | |
| THOMAS YOUNG, | ) | |
| A City of Chicago EMT, | ) | |
| and STEPHEN SIER, | ) | |
| A City of Chicago EMT. | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Jurisdiction

      1.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

U.S.C. § 1983, and § 1988; the judicial code 28 U.S.C. § 1331 and § 1343(a); the

Constitution of the United States; and pendent jurisdiction, as provided under

U.S.C. § 1367(a).

Parties

2. At all relevant times pertaining to this occurrence, Plaintiff Debra Gassman was a United States and Illinois citizen residing in Cook County, Illinois.

3. At all relevant times pertaining to this occurrence, Defendants Police Officers Chavarria, Stanton, and Golosinski were police officers with the City of Chicago, Illinois, and were acting under color of law, and in the scope of their employment with the City of Chicago.

4. At all relevant times pertaining to this occurrence, Defendants Police Officer Golosinski was acting in a supervisory capacity as a Chicago Police Department Sergeant.

5. Defendant City of Chicago is a municipal corporation, incorporated under the laws of the State of Illinois, and the City was, at the time of the occurrence, the employer and principal of Defendants Chavarria, Stanton, and Golosinski, and Emergency Medical Technicians Thomas Young and Stephen Sier.

6. Defendant Armando Perez was, at the time of the occurrence, residing at 1419 W. Cullerton, Chicago, Cook County, Illinois. His actions in conspiring with Defendants Chavarria, Stanton, and Golosinski, and/or Young and Sier to illegally seize the Plaintiff were done under color of law.

7. At all relevant times pertaining to this occurrence, Defendants T. Young and S. Sier were emergency medical technicians with the City of Chicago, Cook County, Illinois, and were acting under color of law, and in the scope of their employment with the City of Chicago.

Facts

8. Plaintiff is an attorney licensed to practice law in the State of Illinois.

9. At the time of the occurrence, Plaintiff, an ex-girlfriend in a former dating relationship with Perez, was staying at Perez' home at 1419 W. Cullerton, in Chicago, sleeping on the couch, while Perez slept in the bedroom.

10. At some point during the early morning hours of April 24, 2006, Perez, without any legal justification, committed an assault and battery upon the Plaintiff, *i.e.*, he placed her in imminent, reasonable apprehension of receiving a battery, and he grabbed her by her arm, and threw her onto his bed, and threatened her.

11. Thereafter, Plaintiff called 911, and awaited the arrival of the police for her protection.

12. Thereafter, Defendants Chavarria, Stanton, and Goloskinski arrived at Perez' residence.

13. However, rather than making a serious police inquiry into the allegations made by Plaintiff against Perez – who was about to be officially hired as a Chicago Police Officer and who had strong ties to various officers in the Chicago Police Department – Defendants Chavarria, Stanton, and Golosinski instead formed an agreement with soon-to-be Chicago Police Officer Perez to protect Perez from arrest, and to instead commit an illegal seizure of the Plaintiff.

14. In furtherance of this agreement, Perez and Chavarria, Stanton, and Golosinski falsely accused the Plaintiff of being mentally unstable, and forced her into an ambulance against her will.

15. In doing so, Perez and Defendants Chavarria, Stanton, and Golosinski conspired

together to unreasonably seize the Plaintiff against her will, and without any legal basis for doing so.

16. At some point during this incident, an ambulance arrived on the scene, and the Plaintiff was taken, against her will, by City of Chicago emergency medical technicians Young and Sier, and left at an entrance of Stroger Hospital in Chicago, Cook County, Illinois, and never admitted or treated because no treatment was needed nor requested.

17. In taking the above actions, Young and Sier knew the Plaintiff complained of being the victim of domestic violence by Perez, and that she did not meet the legal standard for being mentally committed, yet Young and Sier forcibly took the Plaintiff to the hospital anyway, thus making an agreement with one or more of these individuals, thereby joining in a conspiracy with Perez, Chavarria, Stanton, and Golosinski to deprive the Plaintiff of her Fourth Amendment right to be free from illegal searches and seizures.

18. At Stroger Hospital, Young and Sier dropped her off at the Hospital, and left the Plaintiff at the hospital, in the middle of the night, in her pajamas, and with nothing more than a cell phone, alone, scared, and at a hospital where she did not belong. When Young and Sier took those actions, they did so willfully and wantonly, knowing the Plaintiff to be a victim of domestic abuse, and they did so without any legal justification or reason to involuntarily seize her and transport her to Stroger Hospital, and thereafter abandon her at the hospital.

19. After the incident, Defendants Perez, Chavarria, Stanton, and Golosinski

continued to take actions to cover up their actions, and in furtherance of their conspiracy, including, but not limited to, Defendants Chavarria, Stanton, and Golosinski lying to internal affairs investigators to cover up the incident, and Perez filing for an order of protection against the Plaintiff, knowing the allegations he made in the petition were false.

20. The petition for an order of protection was dismissed against the Plaintiff.

21. The actions of Perez, the John Doe Police Officers, Young, and Sier caused the Plaintiff severe emotional distress, pecuniary loss, humiliation, and a loss of her personal freedom.

**COUNT I – Illinois State Law Claim of Assault and Battery (Defendant Perez Only)**

22. The Plaintiff re-alleges the previous allegations.

23. The actions of Defendant Perez in physically abusing the Plaintiff, and/or putting the Plaintiff in imminent, reasonable apprehension of receiving a battery, were intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.

24. The actions of the Defendant Perez were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

WHEREFORE, Plaintiff demands compensatory damages against Defendant Perez, and because the Defendant acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

**COUNT 2 – 42 U.S.C. § 1983, Illegal Seizure/**

5

**Failure to Intervene to Prevent an Illegal Seizure**
**(Defendant Police Officers Chavarria, Stanton, and Golosinski/EMTs Young and Sier)**

22. Plaintiff re-alleges the previous allegations.

23. The actions of Defendants Chavarria, Stanton, and Golosinski, and EMTs Young and Sier in seizing the Plaintiff were unreasonable and without legal justification, and violated the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free from unreasonable searches and seizures. Additionally and/or alternatively, these Defendants had the opportunity to prevent an illegal seizure of the Plaintiff, and their failure to do so was unreasonable, making them liable for their failure to intervene to stop the violation of the Constitutional rights of the Plaintiff.

24. The actions of Defendants Chavarria, Stanton, and Golosinski, and Young and Sier were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights as well as her injuries, as described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Chavarria, Stanton, and Golosinski, and Young and Sier and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this court deems equitable and just.

**COUNT 3 – 42 U.S.C. § 1983, Conspiracy to Commit an Illegal Seizure**
**(Perez, Young, Sier, Chavarria, Stanton, and Golosinski)**

25. Plaintiff re-alleges the previous allegations.

26. Defendants Perez, Young, Sier, Chavarria, Stanton, and Golosinski all were acting

under color of law in all aspects of their actions that formed the basis of their illegal and unconstitutional conspiracy to deprive the Plaintiff of her Fourth Amendment rights.

27. Defendants Perez, Sier, Young, Chavarria, Stanton, and Golosinski collectively participated in one or more conspiracies to deprive the Plaintiff of her Fourth Amendment right to be free from illegal searches and seizures.

28. The aforementioned conspiracy and/or conspiracies proximately caused the deprivation of the Plaintiff's Fourth Amendment rights, and were the proximate cause of her injuries, as described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Perez, Young, Sier, Chavarria, Stanton, and Golosinski, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this court deems equitable and just.

## COUNT 4 – State Law Claim of False Imprisonment
### (Perez, Chavarria, Stanton, Golosinski, Young, Sier, and the City of Chicago)

29. Plaintiff re-alleges the previous allegations.

30. The actions of Defendants Perez, Sier, Young, Chavarria, Stanton, and Golosinski in falsely imprisoning Plaintiff were the result of their intentional, willful and wanton acts.

31. As the proximate result of the actions of these Defendants, the Plaintiff suffered a loss of freedom, physical pain and suffering, extreme emotional distress, as well

as pecuniary loss.

32. The actions of Defendants Chavarria, Stanton, Golosinski, Young, and Sier, were done in the course and scope of their employment with the City of Chicago, were willful and wanton, and, as a result, made the City of Chicago liable for their actions based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against all Defendants, punitive damages against Defendants Perez, Chavarria, Stanton, Golosinski, Young and Sier, and other and additional relief as this court deems equitable and just.

### COUNT 5 – State Law Claim of Violation of Domestic Violence Act Duties
### (Chavarria, Stanton, Golosinski and the City of Chicago)

33. Plaintiff re-alleges the previous allegations.

34. After calling 911 because she was physically abused by her ex-boyfriend, Defendant Perez, Plaintiff became a person in need of protection under Illinois' Domestic Violence Act of 1986, 750 ILCS 60/101, et. seq.

35. Defendants Chavarria, Stanton, and Golosinski were acting within the course and scope of their employment as City of Chicago police officers when they responded to the Plaintiff's 911 call for help.

36. The actions of Defendants Chavarria, Stanton, and Golosinski were done in the course and scope of their employment with the City of Chicago, were willful and wanton, and, as a result, made the City of Chicago liable for their actions based on the theory of respondeat superior.

37. Defendants Chavarria, Stanton, and Golosinski and the City of Chicago owed the

>Plaintiff a duty to protect her from physical violence, and to provide her the aid required of them under the Domestic Violence Act, 750 ILCS 60/101, et. seq.

38. However, Defendants Chavarria, Stanton, Golosinski and the City of Chicago breached that duty through the willful and wanton acts of Defendants Chavarria, Stanton, and Golosinski, who instead of arresting Perez and/or reasonably responding to the Plaintiff's needs as a victim of domestic abuse, they instead falsely imprisoned her and took her, and/or caused her to be taken, against her will to Stroger Hospital, abandoning her, alone, in her pajamas.

39. The injuries suffered by the Plaintiff, as more fully described below, were the direct and proximate result of the actions of Defendants Chavarria, Stanton, Golosinski, and the City of Chicago.

WHEREFORE, pursuant to the provisions of the Domestic Violence Act, 750 ILCS 60/101, et. seq., Plaintiff demands compensatory damages against Defendants Chavarria, Stanton, and Golosinski, and the City of Chicago, punitive damages against Chavarria, Stanton, and Golosinski, and other and additional relief as this court deems equitable and just.

**COUNT 6– 42 U.S.C. § 1983, MONELL – PLAINTIFFS AGAINST CITY OF CHICAGO**

40. Plaintiff realleges what has been previously alleged in this Complaint.

41. Defendant City of Chicago was the employer of Defendants Chavarria, Stanton, Golosinski, Young, and Sier at the time of this incident.

42. Defendants Chavarria, Stanton, Golosinski, Young, and Sier committed the aforementioned willful and wanton acts alleged above under color of law and in the scope of their employment with the City of Chicago.

43. The actions of the Defendants Chavarria, Stanton, Golosinski, Young and Sier were the proximate result of one or more policies and/or procedures of the City of Chicago.

44. Additionally, and or alternatively, the City failed to properly hire, train, and/or discipline one or more of the Defendants Chavarria, Stanton, Golosinski, Young, and/or Sier, thus proximately causing the violation of the Plaintiffs' Fourth Amendment rights to be free from illegal searches and/or seizures.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand compensatory damages against the City of Chicago, plus the costs of this action, plus attorneys' fees and other and additional relief as this court deems equitable and just.

### COUNT 7 – City of Chicago (Indemnification)

45. Plaintiff realleges what has been previously alleged in this Complaint.

46. Defendant City of Chicago was the employer of Defendants Chavarria, Stanton, Golosinski, Young, and Sier at the time of this incident.

47. Defendants Chavarria, Stanton, Golosinski, Young, and Sier committed the aforementioned willful and wanton acts alleged above under color of law and in the scope of their employment with the City of Chicago.

WHEREFORE, should Defendants Chavarria, Golosinski, Young, and/or Sier be found liable on one or more of the claims set forth above, Plaintiff demands that the Defendant City of Chicago be found liable for any judgment (other than punitive damages) they obtain thereon against said Defendants, as well as for all attorney's fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY**

        Respectfully submitted,

        /s/ Richard Dvorak

        _____

        By Richard Dvorak,
        One of the Attorneys for the Plaintiff.

Richard Dvorak
Dvorak & Toppel
3859 W. 26th Street
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)